UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Cause No. 1:16-CR-33 |
| | ) | |
| ALA EL BASHATLY | ) | |

## MOTION IN LIMINE

Comes now the United States of America by Stacey R. Speith, Assistant United States Attorney for the Northern District of Indiana, and moves the Court to prevent the Defendant from referring to the following in the presence of the jury at trial, either directly or indirectly: (1) the Defendant's potential penalties, statutory minimum and maximum, or sentencing range upon a conviction; and (2) evidence offered to prove that a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition.

The Government also moves the Court to prevent the Defendant from arguing the minor victim's consent to the activity constitutes a defense to the crimes charged.

It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994)

1

(citation omitted). The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury, and information regarding the consequences of a verdict is therefore irrelevant to the jury's task of finding the facts and deciding whether, on those facts, the defendant is guilty of the crime charged. *Id.* Providing jurors with sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. *Id.* Potential penalties are therefore irrelevant as to guilt and thus are inadmissible. *Id.*; *United States v. Arocho*, 305 F.3d 627, 636-37 (7th Cir. 2002); *United States v. Warner*, 396 F.Supp.2d 924, 939 (N.D. Ill. 2005).

Regarding the second topic, Federal Rule of Evidence 412(a) prohibits the use of certain evidence in civil or criminal proceedings involving alleged sexual misconduct. Rule 412(a)(1) prohibits the introduction of evidence that a victim engaged in other sexual behavior and 412(a)(2) prohibits evidence offered to prove a victim's sexual predisposition.

Rule 412(b) provides for exceptions in criminal cases. Evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury or other physical evidence

and evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor may be admissible. However, under Rule 412(c) if a party intends to offer evidence under 412(b), the party must file a motion at least 14 days before trial that specifically describes the evidence and states the purpose for which it will be offered. No such motion has been filed in this case and therefore the admission of such evidence is inadmissible. However, even if Defendant had filed such motion the evidence would not be admissible because there is no such evidence would constitute proof that someone other than the defendant was the course of semen, injury or other physical evidence and since the victim is a minor, consent cannot be a defense, see discussion below.

Regarding the third topic, the Government expects the defense to argue the victim's willingness to engage in sexual activity is a defense to the charged offenses. The Defendant is charged with traveling with the intent to engage in illicit sexual conduct and using a facility and means of interstate and foreign commerce to persuade, induce, entice and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, specifically, Sexual Misconduct with a Minor, in violation of Indiana Code

Section 35-42-4-9.

Under Indiana law, Sexual Misconduct with a Minor is defined as:

(a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or other sexual conduct commits sexual misconduct with a minor a Level 5 felony.

However, the offense is:
(1) A Level 4 felony if it is committed by a person at least twenty-one (21) years of age.

(b) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching of either the child or the older person with intent to arouse or to satisfy the sexual desires of the either the child or the older person, commits sexual misconduct with a minor a Level 6 felony.

However, the offense is:

(1) A Level 5 felony if it is committed by a person at least twenty-one (21) years of age.

The legal age of consent for sexual relationships in Indiana is 16 years. Consent is not a defense to Sexual Misconduct with a Minor under Indiana Law. "Minors lack the capacity to consent and so sexual contact with a minor is always 'without consent'". *United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009), citing *Doe v. Smith*, 470 F.3d 331, 345 (7th Cir. 2006). "Consent does not play a role in the statutory definition of either 'sexual acts' or 'sexual contact.'" *Rogers* at 820.

In a 9th Circuit case, *United States v. Dhingra,* 371 F.3d 557 (2004), the defendant advanced the theory at trial that it was the minor who induced him into sexual contact and that he therefore was not guilty of inducing, enticing persuading or coercing as defined by § 2422(b).  The Court held that willingness of minor to participate in sexual activity was not a defense.  "The victim's willingness to engage in sexual activity is irrelevant, in as much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation."  *Id.* at 567

WHEREFORE, the United States requests that its motion in limine be granted and that the Defendant accordingly be prohibited from mentioning or otherwise eliciting the above-referenced testimony either directly or indirectly, and be precluded from arguing victim's consent is a defense to the charged crimes unless otherwise directed by the Court.

    Respectfully submitted,

    THOMAS L. KIRSCH
    UNITED STATES ATTORNEY

    /S/ Stacey R. Speith
By:  Stacey R. Speith
    Assistant United States Attorneys
    E. Ross Adair Federal Bldg. & U.S. Courthouse
    1300 S. Harrison Street, Room 3128
    Fort Wayne, IN 46802-3489
    Telephone: (260) 422-2595
    Facsimile:  (260) 426-1616
    E-mail Address: Stacey.speith@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on the  9th  day of January 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

NONE.

    /s/ Megan M. McKenzie
Megan M. McKenzie
Legal Assistant


OFFICE OF THE U.S. ATTORNEY
E. Ross Adair Federal Building
 & United States Courthouse
Room 3128
1300 South Harrison Street
Fort Wayne, IN 46802-3489
Telephone:   (260) 422-2595
Facsimile:   (260) 426-1616