**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-33-HAB |
| | ) | |
| ALA EL BASHATLY | ) | |

## OPINION AND ORDER

On January 16, 2020, this Court held a hearing to determine whether Defendant is competent to stand trial. At the conclusion of that hearing, this Court found Defendant competent. The purpose of this Opinion and Order is to detail the reasons for that finding.

**A.      Background**

*1.      Procedural History*

On March 29, 2017, the Defendant filed a Motion to Determine Competency. (ECF No. 35). On April 13, 2017, the Defendant filed a supplement to the Motion to Determine Competency and included with the supplement a copy of a report from Dr. Steven Ross. (ECF No. 39).

On April 19, 2017, the Government filed a Motion for Psychiatric/Psychological Examination pursuant to 18 U.S.C. § 4241. (ECF No. 41). As the Motion indicates, the Defendant was Indicted by a Federal Grand Jury in a 5 Count Indictment charging him with violations of 18 U.S.C. §§ 2423(b) and 18 U.S.C. § 2422(b). The Motion indicates that on March 29, 2017, counsel for the Defendant raised an issue about the Defendant's competency. Thereafter, the Government filed a Motion for a hearing to determine the Defendant's competency to stand trial. As a part of that Motion, the Government also requested that, pursuant to 18 U.S.C. § 4247(b), the Defendant be ordered to undergo a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist.

On April 24, 2017, the Court granted the Government's Motion for a Psychiatric Examination but withheld ruling on the Defendant's Motion to determine the Defendant's competency until such time as the Court received the psychiatric report prepared by the Bureau of Prisons. On July 21, 2017, the Federal Medical Center in Lexington, Kentucky, issued a forensic report finding that the Defendant was not currently suffering from a mental disease or defect which would render him mentally incompetent to the extent he would be unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Based upon this finding, the Court issued an Order of Referral on August 29, 2017, referring the matter to Magistrate Judge Susan Collins to conduct any necessary hearings on the Defendant's Motion to Determine Competency and Supplement. (ECF No. 52).

After a number of continuances, a competency hearing was conducted before Magistrate Judge Susan Collins on October 20, 2017, and October 26, 2017. On November 21, 2017, Magistrate Judge Susan Collins filed her Report and Recommendation finding that the Defendant Bashatly was currently competent to stand trial. (ECF No. 71). On December 12, 2017, after the time for filing any objections to the Magistrate Judge's Report and Recommendation had passed and neither party had filed an objection, this Court adopted the Magistrate Judge's Report and Recommendations, found that the Defendant was competent to stand trial and denied the Defendant's Motion for a Psychiatric Exam. (ECF No. 72). Thereafter, the Court scheduled this matter for trial.

The Defendant's current counsel entered their Appearance on or about February 1, 2018. On May 14, 2018, the Defendant filed another Motion for a Psychiatric Examination. (ECF No. 112). On May 18, 2018, the Defendant filed a Supplement to the Motion for a Psychiatric Examination which advised the Court that Doctor John Newbauer was willing to perform the

requested competency evaluation. Following an in-person hearing conducted on May 16, 2018, the Court denied, without prejudice, the Defendant's Motion to Determine the Defendant's Competency on May 31, 2018. On August 2, 2018, the Defendant again renewed his request for a hearing to determine the mental competency of the Defendant. (ECF No. 127). In support of his request, the Defendant included a report from Dr. Newbauer providing his opinion that the Defendant appeared to be suffering from a psychiatric disorder and was not capable of cooperating with his defense team. On August 20, 2018, the Court granted in part and denied in part the Motion for a Psychiatric Exam and Competency Hearing. The Court found that no further exams were required but set the matter for a sealed competency hearing on September 7, 2018.

After various continuances, a competency hearing was conducted on November 9, 2018. On November 15, 2018, the Court found by a preponderance of the evidence that the Defendant was not competent to stand trial. (ECF No. 140). In reaching this conclusion, the Court noted that Dr. Newbauer's testimony and the Defendant's own physical condition were persuasive. Based upon the Court's finding that the Defendant was not competent to assist in his own defense, the Court committed the Defendant to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d). The Defendant was to be hospitalized for a reasonable period of time until either his mental condition improved so that the trial could proceed, or the pending charges were disposed of according to law. Following the Court's Order, the Defendant was admitted to the mental health unit of the Federal Medical Facility in Butner, North Carolina.

An November 4, 2019, this Court received a letter dated October 31, 2019, from the Federal Medical Center in Butner which included a Certificate of Restoration of Competency to Stand Trial as well as a report regarding the forensic evaluation of the Defendant conducted by Dr.

Adeirdre Stribling Riley, a forensic psychologist at the Butner Facility (the "Report"). Thereafter, the Court scheduled this matter for a competency hearing.

2.  *Forensic Evaluation*

The Report documents a remarkable recovery for the Defendant during his treatment. The Defendant was able to verbally acknowledge a thorough and correct understanding of his role in the competency evaluation as well as the factors conducted on the issue of his competency. The Defendant participated in a competency restoration group on a weekly basis, which covered the review of charges, pleas, and potential consequences, in addition to a review of courtroom personnel, courtroom proceedings, trial and plea bargains. Finally, the group discussed concepts related to the Defendant's ability to communicate with his attorney, providing testimony, and assisting in his defense. On an individual basis, the Defendant discussed his toleration of the stress of the proceedings. The Report notes that the Defendant successfully completed competency restoration with "full mastery."

While the Defendant was provided with a diagnosis of schizophrenia, the Report indicates that the Defendant has responded well to medication and that, since being treated, he has not exhibited disorganized speech or behavior or negative symptoms. The Report goes on to note that the Defendant's statements are organized and linked to the primary topic of discussion and that he typically presents with stable affect and congruent mood. Finally, it indicated that he has not endorsed having hallucinations of any form. The Report finds that while the Defendant has a chronic mental health condition, his condition is responsive to medication treatment with antipsychotic medication.

The Defendant has expressed a thorough understanding of the specifics of the charges pending against him and has accurately provided information regarding the roles of the courtroom

participants, including the judge and the jury. The Defendant has demonstrated adequate rational ability to consider the potential legal options at trial and accurately articulated the available pleas and his understanding of the impact of a guilty plea. The Defendant has a positive view of his attorneys and has a realistic expectation that is not based on delusional ideation. He has indicated that he is willing to work with his attorneys to settle any disagreements.

Finally, the Report finds that the Defendant has demonstrated a capacity to learn new material and the ability to use this material to make decisions. The Report notes that the Defendant has a thorough understanding of the nature and consequences of the proceedings against him and a basic ability to assist properly in his own defense. He knows the general proceedings of the courtroom and has knowledge of the roles of courtroom personnel. He is able to discuss the benefits and risks inherent in the available pleas and has an awareness regarding the possible penalties of incarceration associated with the alleged offenses.

**B.     Legal Analysis**

Following the Defendant's commitment to the custody of the Attorney General, all further competency proceedings were subject to 18 U.S.C. § 4241(e).

> When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

Where, as here, the Court receives the certificate of competency and there is no objection from either party, a court has discretion as to whether it will hold a competency hearing. *Whalem v. United States*, 346 F.2d 812, 815 (C.A.D.C. 1965) (*overruled on other grounds by United States v. Marble*, 940 F.2d 1543 (C.A.D.C. 1991)). In determining whether a defendant is competent, a court may consider testimony from psychiatrists, the defendant's behavior both before the court and elsewhere, intelligence, lapses in memory, unresponsiveness, and defense counsel's observations. *United States v. Segal*, 398 F. Supp. 2d 912, 916 (N.D. Ill. 2005).

The Court concludes, by a preponderance of the evidence, that the Defendant is competent to stand trial. Dr. Stribling Riley's report, which was admitted as an exhibit to the competency hearing without objection, is compelling evidence of competency as set forth above. The Defendant's behavior at the hearing supported the Report. The Defendant was alert, oriented, and responsive to the Court's questions. The Defendant confirmed that he had reviewed and discussed the Report with his counsel, that he understood the proceedings, and that he had discussed and understood his plea options. The Defendant acted appropriately throughout the hearing, nodding in agreement as the Court reviewed the findings in the Report. The Defendant's counsel further supported the findings in the Report, confirming that they had been able to review and discuss the Report and proceedings with the Defendant. Neither the Government nor the Defendant presented any evidence that would indicate that the Defendant is not competent. The Court has little trouble, then, concluding that Defendant is competent to stand trial.

C. **Conclusion**

For the foregoing reasons, and for all the reasons set forth on the record of the competency hearing, the Court FINDS that the Defendant is competent to stand trial. This matter will be set for trial through a separate order.

SO ORDERED on January 17, 2020.

                                                                                      s/ Holly A. Brady  
                                                                                      JUDGE HOLLY A. BRADY  
                                                                                      UNITED STATES DISTRICT COURT