UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:16-CR-33-HAB |
| ) | |
| ALA EL BASHATLY ) | |

**OPINION AND ORDER**

Defendant is an international child predator who agreed to a 100-month sentence for his crime. Despite that agreement, and the fact that his sentence was exceedingly lenient considering the offense conduct, Defendant now seeks early release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 192). He claims that he is at increased risk of significant illness from COVID-19 due to his medical conditions and confinement. Because Defendant has not identified extraordinary and compelling reasons for release, and because the 18 U.S.C. § 3553(a) factors do not support Defendant's release, his motion for compassionate release is denied.

**I.      Offense Conduct**

In March 2016, Defendant began communicating online with a person, E.P., who identified herself as an 18-year-old girl. Defendant traveled from his home in Canada to Fort Wayne to have sex with E.P. Mid-coitus, E.P. told Defendant that she was only 14 years' old and asked Defendant if that was "cool." It was apparently very cool, as Defendant told E.P. he didn't care and continued having sex with her. No birth control was used during the rendezvous as E.P. told Defendant she wanted to get pregnant.

The two continued to communicate online and planned to meet that April. Defendant again drove to Fort Wayne and again had sex with E.P. Defendant also provided E.P. with marijuana.

Following the second encounter, law enforcement became involved via a report from the Indiana Department of Child Services. An Indiana State Trooper took over E.P.'s online account and pretended to be E.P. while communicating with Defendant. Defendant and the trooper arranged for Defendant to again drive to Fort Wayne in June 2016 to have sex with E.P. Defendant was arrested at the arranged meeting spot. Defendant admitted during questioning that he was aware E.P. was only fourteen. He also admitted that he knew E.P. was trying to get pregnant.

Defendant was indicted on three counts of Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2423(b), and one count of Use of Interstate and Foreign Commerce to Engage in Sexual Activity with a Minor, in violation of 18 U.S.C. § 2422(b). After a significant delay resulting from Defendant's mental illnesses and resulting inability to stand trial, Defendant pled guilty to a single count of Coercion or Enticement of a Minor. As part of that plea, he agreed to a 100-month sentence. This sentence was above his guideline range, but less than the mandatory-minimum 120-month sentence required if he had pled to the violation of § 2422(b). Despite reservations, the Court accepted the binding plea and sentenced Defendant to 100-months' incarceration and five years of supervised release. Defendant is incarcerated at Oakdale II, FCI in Oakdale, Louisiana, with an anticipated release date of July 22, 2023.

## II.     Legal Analysis

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies. (ECF No. 196 at 1).

Exhaustion aside, Defendant cannot establish the necessary "extraordinary and compelling reasons" for release. Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[1]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v.*

---

[1] Yet as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

*Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Courts in this Circuit were once forced to go through an extended analysis when COVID-19 was raised as the extraordinary and compelling reason. That analysis is no longer necessary. In July, the Seventh Circuit all but eliminated COVID-19 as a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*.

Defendant is vaccinated. (ECF No. 196 at 9). In keeping with *Broadfield*, the Court finds it impossible to conclude that Defendant's concerns regarding COVID-19 present extraordinary or compelling reasons for immediate release.

Even if the Court could find extraordinary and compelling reasons for release, it would still deny Defendant's request for release. Simply put, no formulation of the § 3553(a) factors support release. Even conceding that Defendant was unaware of E.P.'s age the first time he travelled to meet her, Defendant crossed an international border on two occasions to have sex with and impregnate a 14-year-old girl. In doing so, Defendant violated 18 U.S.C. § 2422(b) and should have received no less than a 120-month sentence. Yet, because of the very same mental health conditions he now cites in support of his request for relief, this most serious charge was dismissed, and Defendant agreed to a more lenient sentence. To release Defendant now would serve only to further trivialize the severity of his conduct.

The Court is also troubled by Defendant's refusal to accept responsibility for his actions. In his motion, Defendant states that E.P. "deceiv[ed] him." (ECF No. 192 at 26). He also, erroneously, claims that E.P. "gave testimony in his favor." (*Id*.). To repeat, **Defendant crossed an international border twice to have sex with someone he knew to be fourteen**. He was not deceived, confused, or otherwise unsure about the age of his victim or what he intended to do to her. For Defendant to now blame his victim, **a child**, is unconscionable.

Weighing the § 3553(a) factors and considering Defendant's current circumstances, the Court concludes that Defendant's sentence was insufficient to meet the purposes of sentencing. Defendant's continued attempts to minimize his conduct and place blame on his victim cause this Court to question whether the sentence imposed will deter Defendant from further criminal conduct or protect future children from Defendant's lecherous advances. That said, the Court

cannot increase Defendant's sentence. It can only assure that Defendant serves the entirety of the sentence to which he agreed.

### III. Conclusion

For these reasons, Defendant's Motion for Compassionate Release/Reduction in Sentence (ECF No. 192) is DENIED.

SO ORDERED on January 25, 2022.

                                          s/ *Holly A. Brady*  
                                         JUDGE HOLLY A. BRADY  
                                         UNITED STATES DISTRICT COURT